UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,       :
                                :
       -v-                      :          10-CR-6254/DGL
                                :
RICHARD LYNN ALRED,             :
                                :
              Defendant.        :
_____:


## GOVERNMENT'S CALCULATION OF MAXIMUM SENTENCE
## AND SENTENCING GUIDELINE RANGE


THE UNITED STATES OF AMERICA, by and through William J. Hochul, Jr., United States Attorney for the Western District of New York, by Tiffany H. Lee, Assistant United States Attorney, in anticipation of the defendant pleading guilty to all counts of the Information, and pursuant to the suggestion of the Court of Appeals in United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), hereby sets forth the maximum potential sentence to which the defendant will be exposed, and the position of the government as to the calculations under the Sentencing Guidelines which will apply in this case.  This analysis is set forth for informational purposes only and forms no part of any plea agreement between the government and the defendant.

## MAXIMUM SENTENCE

1. Count 1 of the Superseding Information charges a violation of Title 18, United States Code, Section 2422(b) **Enticement of a Minor**, which carries a mandatory minimum sentence of 10 years imprisonment, and a maximum possible sentence of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of not less than 5 years up to life.

2. Pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims' compensable losses as determined by the court. Defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

## ELEMENTS OF THE OFFENSES

3. If this case proceeded to trial, the government would be required to prove beyond a reasonable doubt for Count 1, Enticement of a Minor, that;

First: That between December 2008 and January 2009, the defendant used the mail or a facility or means of interstate commerce, that is, the Internet;

Second:  That the defendant knowingly used the mail or Internet to attempt to persuade or induce or entice or coerce a person who the defendant believed to be under eighteen years of age, to engage in sexual activity; and

Third:  That the proposed and anticipated sexual activity was in violation of New York law.

## SENTENCING GUIDELINES CALCULATIONS

4. The Government presently believes that the Sentencing Guidelines will apply to this case as follows:

## BASE OFFENSE LEVEL

5. Guidelines § 2G1.3(a)(3) applies to the offense of conviction and provides for a base offense level of **28**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

6. The following specific offense characteristics apply:

   a. **Two level increase** pursuant to Guidelines § 2G1.3(b)(3) (use of a computer to persuade, induce, entice or coerce the minor to engage in prohibited sexual conduct).

-3-

## ADJUSTED OFFENSE LEVEL

7. Based on the foregoing, the adjusted offense level for the offense of conviction is **30**.

## ACCEPTANCE OF RESPONSIBILITY

8. Assuming the defendant pleads guilty and allocutes to the satisfaction of the Court in a timely manner, thereby demonstrating acceptance of responsibility for his offense and permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, a three-level decrease in his offense, pursuant to U.S.S.G. § 3E1.1, is warranted.

## CRIMINAL HISTORY CATEGORY

9. Based upon the information now available to the government, the defendant's Criminal History Category is II.

## SENTENCING RANGE

10. Based upon the calculations set forth above, with a total **offense level of 27 and criminal history category of II,** the

defendant's Sentencing Guidelines range would be a term of **imprisonment of 78 to 97 months, a fine of $12,500 to $125,000, and a period of supervised release of not less than 5 years up to life. Since the mandatory minimum term of imprisonment is 120 months, the Guidelines range for imprisonment would be 120 months.**

11.  The foregoing Guidelines calculations are based on facts and information presently known to the government. Nothing in this document limits the right of the government to change its position at any time as to the appropriate Guidelines calculation in this case, and to present to the sentencing Judge and/or Probation Department, either orally or in writing, any and all facts and arguments relevant to sentencing, to the defendant's sentencing range and/or offense level, and to the defendant's criminal history category, which are available to the government at the time of sentencing. Nor does anything in this document limit the right of the government to take a position on any departure which may be suggested by the sentencing Judge, the Probation Department, or the defendant.

12.  This document does not and cannot bind either the Court or the Probation Department, either as to questions of fact or as to determination of the correct Guidelines to apply in this case. Instead, the sentence to be imposed upon the defendant is

determined solely by the sentencing Judge. The government cannot and does not make any promise or representation as to what sentence the defendant will receive.

Dated: Rochester, New York.

                          Respectfully submitted,

                          WILLIAM J. HOCHUL, JR.
                          United States Attorney

                BY:  s/Tiffany H. Lee
                     Tiffany H. Lee
                     Assistant United States Attorney
                     United States Attorney's Office
                     Western District of New York
                     100 State Street, Room 620
                     Rochester, New York  14614
                     (585) 263-6760, ext. 2251
                     Tiffany.Lee@usdoj.gov

                     Dated: February 8, 2011

```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

    -v-                                       10-CR-6254/DGL

RICHARD LYNN ALRED,

        Defendant.

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 8, 2011, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant(s) on this case:

        Anne M. Burger, Esq.

                              s/Patricia Reis

                              Patricia Reis